J-A21019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.G. AND W.G. | : | No. 577 EDA 2020 |

Appeal from the Order Entered January 27, 2020
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  No. 0C1901676

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 13, 2020**

Appellant, K.L. ("Father"), appeals from the January 27, 2020 Order that, *inter alia*, granted A.G. and W.G. ("Maternal Grandmother" and "Maternal Grandfather" collectively, "Maternal Grandparents") standing to pursue custody of K.L ("Child") and awarded Maternal Grandparents partial physical custody of Child.  Upon review, we vacate the Order and remand for further proceedings in accordance with this Memorandum.

Father and B.G. ("Mother") are parents to Child, who was born in September 2017.  Mother has a history of substance abuse.  Parents lived together with Child at Mother's house until January 2018, when the Philadelphia Department of Human Services ("the Agency") became involved after receiving a report that Mother left Child unattended while Father was at work.  As part of a safety plan, Child lived with Maternal Grandparents until Father obtained his own housing.  In March 2018, Child returned to Father's

care. Maternal Grandparents continued to be involved in Child's life, although the parties disagree to what extent.

In 2019, the Agency received a second report after Mother and Maternal Grandparents had an altercation in Maternal Grandparents home. The Agency received incorrect contact information for Father, could not initially contact him, and proceeded to file a dependency petition based on Mother's inability to care for Child. On September 20, 2019, after a hearing where Father was present, DHS withdrew the dependency petition and the trial court confirmed legal and physical custody of Child in Father.

A day prior to the adjudicatory hearing, on September 19, 2019, the Maternal Grandparents filed a Petition for Custody averring that they had standing to pursue custody under Sections 5324 and 5325 of the Custody Act because Child lived with them for most of her life. In the Petition, Maternal Grandparents requested that the trial court award them full or partial custody of Child.

On September 20, 2019, Father filed a *pro se* Motion to Dismiss for Lack of *In Loco Parentis* Standing averring that Maternal Grandparents did not have standing to pursue custody because, *inter alia*, Child has always lived with parents except for a short time in 2019.

On January 27, 2020, the trial court held a hearing. Father appeared *pro se* and counsel represented Maternal Grandparents. In sum, Father testified that since March 2018 Child has lived "back and forth" with both him and Mother, that he always provided for Child by buying pampers and formula,

- 2 -

that Child has lived solely with him since September 2019, that he has been allowing Child to visit with Maternal Grandparents every week but he wants visitation to remain his decision rather than the court's decision. N.T. Hearing, 1/27/20, at 6-12, 20-27. Importantly, Father denied that Child was living with Maternal Grandparents for an extended period. *Id*. at 28.

Counsel for Maternal Grandparents proffered that Child lived with Maternal Grandparents from November 2017 until January 2018, Mother has been in and out of Maternal Grandparents' home, Mother has a continuing substance abuse problem, Maternal Grandparents provided Child with food, clothing, and went to her medical appointments, Maternal Grandparents have been serving as the Child's parents for most of Child's life, and Maternal Grandparents were not requesting full custody of Child but wanted a more formalized visitation agreement. *Id*. at 13-14. Counsel did not formally call Maternal Grandmother or Maternal Grandfather to testify as witnesses or ask either of them any direct questions. However, in response to questions from the court, Maternal Grandmother informed the court that Mother was getting ready to enter a drug rehab and stated, "[w]e had a relationship with [Child] since the day she was born." *Id*. at 16, 26. Maternal Grandfather *sua sponte* informed the court, "I'd like to have my granddaughter experience what my other granddaughters have done and my children which is having us being – being with family." *Id.* at 26.

At the conclusion of the hearing, the trial court denied Father's Motion to Dismiss, found that Maternal Grandparents had standing, and awarded

Maternal Grandparents partial physical custody of Child every Monday and every third Saturday.

Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.[1]

Father raises the following issues on appeal:

1. Did the court properly apply § 5324 or § 5325 when granting Maternal Grandparents standing to pursue custody as a matter of law?

2. Did the court err in granting Maternal Grandparents standing to pursue custody?

3. Did Judge Furlong's order eliminate standing for Maternal Grandparents?

Father's Br. at 4 (some capitalization omitted).

"Determining standing in custody disputes is a threshold issue that must be resolved before proceeding to the merits of the underlying custody action." *C.G. v. J.H*., 193 A.3d 891, 898 (Pa. 2018). Whether an individual has standing in a custody dispute "is a conceptually distinct legal question which has no bearing on the central issue within the custody action—who is

---

[1] Father failed to file a Rule 1925(b) Statement of Errors Complained of on Appeal contemporaneously with his Notice of Appeal, *see* Pa.R.A.P. 1925(a)(2)(i), (b), but we decline to dismiss on this basis because no party asserted prejudice. *See In re K.T.E.L.,* 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a rule 1925(b) statement contemporaneously with a notice of appeal in a children's fast track case will result in a defective notice of appeal which this Court will address on a case by case basis, avoiding the extreme action of dismissal when the defect does not prejudice any party)

- 4 -

entitled to physical and legal custody of Child in light of her best interests[.]" **K.C. v. L.A.**, 128 A.3d 774, 779 (Pa. 2015).

"Issues of standing are questions of law; thus, the standard of review is *de novo* and the scope of review is plenary." **C.G. v. J.H**., 193 A.3d at 898. "The concept of standing is vital in ensuring that cases are presented to the court by an individual who has a genuine, and not merely a theoretical, interest in the matter." **M.S. v. J.D.**, 215 A.3d 595, 598 (Pa. Super. 2019). "Thus, the traditional test for standing is that the proponent of the action must have a direct, substantial and immediate interest in the matter at hand." **Id**. "In the area of child custody, principles of standing have been applied with particular scrupulousness because they serve a dual purpose: not only to protect the interest of the court system by assuring that actions are litigated by appropriate parties, but also to prevent intrusion into the protected domain of the family by those who are merely strangers, however well-meaning." **M.W. v. S.T.**, 196 A.3d 1065, 1069 (Pa. Super. 2018) (citation omitted).

The Custody Act provides two separate provisions for grandparents seeking custody of their grandchildren. Relevant to this appeal, pursuant to Section 5324, a grandparent can seek "any form of physical or legal custody" if they "stand *in loco parentis* to the child."[2]  23 Pa.C.S. § 5324(2).  Also, a

---

[2] "The term *in loco parentis* literally means 'in the place of a parent.' . . . The status of *in loco parentis* embodies two ideas; first, the assumption of a parental status, and, second, the discharge of parental duties." **Peters v. Costello**, 891 A.2d 705, 710 (Pa. 2005) (citations omitted).

grandparent who does not stand *in loco parentis* to the child can seek custody if the grandparent meets certain conditions. 23 Pa.C.S. § 5324(3). Specifically, Section 5324 provides:

**§ 5324. Standing for any form of physical custody or legal custody**

The following individuals may file an action under this chapter for any form of physical custody or legal custody:

(1) A parent of the child.

(2) A person who stands in *loco parentis* to the child.

(3) A grandparent of the child who is not in *loco parentis* to the child:

> (i) whose relationship with the child began either with the consent of a parent of the child or under a court order;
>
> (ii) who assumes or is willing to assume responsibility for the child; **and**
>
> (iii) when one of the following conditions is met:
>
>> (A) the child has been determined to be a dependent child under 42 Pa.C.S. Ch. 63 (relating to juvenile matters);
>>
>> (B) the child is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or incapacity; or
>>
>> (C) the child has, for a period of at least 12 consecutive months, resided with the grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, in which case the action must be filed within six months after the removal of the child from the home.

23 Pa.C.S. § 5324 (emphasis added).

Pursuant to Section 5325, a grandparent can seek "partial physical custody or supervised physical custody" of a child in three situations, including (1) when a parent is deceased, (2) when custody proceedings are underway and the parents do not agree regarding grandparent custody, or, relevant to this appeal:

> [(3)] when the child has, for a period of at least 12 consecutive months, resided with the grandparent . . . , excluding brief temporary absences of the child from the home, and is removed from the home by the parents, an action must be filed within six months after the removal of the child from the home.

23 Pa.C.S. § 5325 (1), (2), (3).

In his first issue, Father avers that the trial court erred when it granted Maternal Grandparents partial physical custody of Child because they failed to establish standing under either Section 5324 or Section 5325. Father's Br. at 10. We agree.

In its Rule 1925(a) Opinion, the trial court opined, without any factual findings or further explanation, that it awarded Maternal Grandparents partial physical custody pursuant to Section 5325. Trial Ct. Op., filed 4/15/20, at 5. Our review of the record reveals that neither parent is deceased or initiated custody proceedings. Accordingly, in order for Maternal Grandparents to have standing pursuant to Section 5325, the evidence of record had to demonstrate that Child lived with Maternal Grandparents for 12 consecutive months and the parents removed Child from Maternal Grandparents' home. **See** 23 Pa.C.S. § 5325(3). Upon review, the evidence does not support the trial

court's conclusion that Maternal Grandparents have standing pursuant to Section 5325.

Father testified at the hearing that since March 2018, Child has lived "back and forth" between him and Mother, and that he always provided Child with necessities. While Counsel for Maternal Grandparents proffered that Maternal Grandparents provided Child with necessities, attended Child's medical appointments, and served as Child's parents for most of Child's life, it is axiomatic that "arguments of counsel are not evidence." *In Interest of J.B.*, 189 A.3d 390, 406 n.19 (Pa. 2018). The only evidence presented to rebut Father's testimony was Maternal Grandmother's testimony that she has had a relationship with Child since Child's birth. Upon review, the evidence presented during the hearing simply did not establish that Child lived with Maternal Grandparents for 12 consecutive months, or that the parents removed Child from Maternal Grandparents home. Accordingly, the trial court erred when it found that Maternal Grandparents had standing to pursue custody of Child pursuant to Section 5325.

Moreover, we agree with Father that the Maternal Grandparents did not establish standing to pursue custody of Child pursuant to Section 5324. Maternal Grandparents' brief testimony fell short of demonstrating that they stood *in loco parentis* to Child pursuant to Section 5324(2). Likewise, Maternal Grandparents failed to prove that any of the necessary conditions existed to pursue custody under the Section 5324(3)(iii). Specifically, there was no adjudication of dependency, no evidence that Child was substantially at risk

in Father's care, and, as discussed above, no evidence that Child resided with Maternal Grandparents for 12 consecutive months. *See* 23 Pa.C.S. § 5324(3)(iii). Accordingly, Maternal Grandparents did not establish that they had standing pursuant to Section 5324.

In sum, the evidence does not support the trial court's finding that Maternal Grandparents had standing to pursue custody of Child. Standing is a threshold issue, and absent standing, a trial court cannot proceed to the merits of the underlying custody action. Thus, we are constrained to vacate the January 27, 2020 Order, which found that Maternal Grandparents had standing to pursue custody of Child and awarded partial physical custody of Child to them, and we instruct the trial court to dismiss Maternal Grandparents' Petition for Custody upon remand.[3] In light of our disposition, we decline to address Father's remaining issues.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[3] Our finding today would not preclude the trial court from concluding that Maternal Grandparents have standing if the evidence at a future hearing supported such a finding.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/13/2020</u>